ENGLAND, Justice
(dissenting).
I respectfully dissent. This Court has held that the doctrine of judicial estoppel applies when a debtor in bankruptcy fails to disclose any claim that a reasonable person would have known existed. Luna v. Dominion Bank, 631 So.2d 917 (Ala. 1993). This Court recently held in Jin-right v. Paulk, 758 So.2d 553 (Ala.2000), that “a debtor’s mere knowledge or awareness of a potential claim and the debtor’s failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel.” 758 So.2d at 559 The Court further held:
“[A] party may not claim the benefit of the doctrine of judicial estoppel unless the party can demonstrate that the party against whom the estoppel is sought procured a judgment in its favor as a result of the inconsistent position taken in the prior proceeding. Moreover, the party claiming the estoppel must have been misled by the conduct of the party against whom the estoppel is sought, and consequently changed its position to its prejudice.”
758 So.2d at 555. The question whether the Saunderses knew or should have known about claims or causes of action that should be disclosed as assets is a question of fact. Jinright In addition, nothing in the record suggests that the defendants had been misled by the Saunderses’ failure to list the claim, or that the defendants, as a consequence of that failure, changed their position to their prejudice.
The Saunderses filed a Chapter 7 bankruptcy petition in January 1995. They were discharged in April 1995. Before filing for bankruptcy protection, the Saun-derses contacted two attorneys concerning a possible medical-malpractice claim. However, contacting an attorney does not equate to knowing that one has a claim. Judge Monroe properly noted in his dissent from the Court of Civil Appeals’ opinion:
“Consulting an attorney to find out if one has a valid medical-malpractice claim is just the first step in a lengthy process. Until the client’s medical records can be obtained and an expert can review those records to determine if there is a question whether the standard of care was breached in the particular instance, an attorney cannot tell the client with any confidence whether she has a valid cause of action. In this case, the Saunderses presented evidence tending to show that they filed their bankruptcy petition before their attorneys could properly evaluate the merits of their case to determine whether they in fact had a valid claim.”
Saunders v. North Alabama Neurological, P.A., 770 So.2d 614-15 (Ala.Civ.App.1999). Mrs. Saunders testified by affidavit that she authorized her attorney to order medical records to see if her husband’s surgery really had been necessary or urgent, as the doctor had said, and that she learned later, after the bankruptcy proceeding had been concluded, that she had a valid claim against the doctor.
*618 A jury should determine whether, when they filed their bankruptcy petition, the Saunderses knew or should have known that they had a claim against these defendants.
JOHNSTONE, J., concurs.