This case arises from Terry Luna's assertion that Dominion Bank of Middle Tennessee, Inc. ("Dominion"), failed to distribute certain loan proceeds to which he claims he was entitled. Luna filed this lawsuit 18 months after he had been discharged from his debts in bankruptcy proceedings. The trial court entered a summary judgment in favor of Dominion, Union National Bank ("Union"), and Johnny Baugh.
In applying the doctrine of judicial estoppel this Court considers the relationship between the litigant and the judicial system. The doctrine applies to preclude a party from assuming a position in a legal proceeding inconsistent with a position previously asserted. Selma Foundry Supply Co. v.Peoples Bank Trust Co., 598 So.2d 844 (Ala. 1992). Further, it has been specifically held that a debtor in bankruptcy must disclose any litigation likely to arise in a nonbankruptcy contest. Selma Foundry, supra, citing Monroe County Oil Co. v.Amoco Oil Co., 75 B.R. 158 (S.D. Ind. 1987).
Luna asserts that Johnny Baugh, a loan officer for Union National Bank, agreed to lend Luna $92,000 to develop a trailer park. Luna claims that he took separate installments of the money of $10,000 and $60,000. However, Luna contends that when he returned to the bank for the remaining loan proceeds, he discovered that Union had been sold to Dominion and that Baugh no longer worked there. Luna states that, although he needed only $8,000 of the remaining $22,000 of the loan, Dominion refused to extend the $8,000 he needed to complete his trailer park. Luna defaulted on his loan payments, and Dominion foreclosed on Luna's property.
Luna then filed for bankruptcy. Luna listed Dominion as a creditor in his debtors' statement and admitted in the statement that he owed Dominion $90,000.[1] Luna was discharged from his debts under Chapter Seven of the Bankruptcy Code on March 25, 1991. Luna had not disclosed his claim against Baugh or Dominion as a potential asset in any of the documents he executed during his bankruptcy proceedings.
Eighteen months after his bankruptcy discharge, Luna filed this lawsuit, on September 17, 1992, against Dominion, Union, and Johnny Baugh, alleging breach of contract, fraud, and negligent and wanton supervision. Baugh, Union, and Dominion denied any oral contract or misrepresentation and contended that Luna was estopped from asserting his claims. The trial court entered a summary judgment for Baugh, Union, and Dominion. *Page 919 
The doctrine of judicial estoppel applies, where a debtor in bankruptcy proceedings fails to disclose any claim that may be presented in a nonbankruptcy contest, to estop the debtor from presenting the claim. Oneida Motor Freight, Inc. v. UnitedJersey Bank, 848 F.2d 414 (3d Cir. 1988), citing Monroe, supra. In the Oneida case, Oneida Motor Freight sued United Jersey Bank, alleging fraud and other causes of action, seven months after the conclusion of its bankruptcy proceedings. Oneida had not disclosed any claim against United Jersey Bank during the bankruptcy proceedings. The court of appeals affirmed the trial court's dismissal of Oneida's action as barred under the judicial estoppel doctrine, stating:
 "The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.' "
848 F.2d at 417.
This Court cited Oneida in Selma Foundry, supra. Luna relies upon Selma Foundry to argue that his claim should not be barred by the judicial estoppel doctrine. In Selma Foundry this Court held that the doctrine of judicial estoppel did not apply to preclude a debtor's claims where the debtor, Selma Foundry, had expressly listed its claims against Peoples Bank as an asset in its amended bankruptcy disclosure statement. There was no indication that the bankruptcy court or People's Bank had taken any action on the original disclosure statement. Further, Selma Foundry filed the amended statement only three months after it had filed the original statement.
As stated above, Luna failed to indicate on any bankruptcy document that he had a claim against Dominion. The bankruptcy proceedings had terminated 18 months before Luna filed this action. The facts in Selma Foundry are clearly distinguishable from those in this case. Luna's argument that Selma Foundry
suggests that this Court should not apply the doctrine of judicial estoppel in his case is without merit.
Luna further contends that the doctrine of judicial estoppel should not be applied to him because, he says, he was unaware of his claims against Dominion until after his bankruptcy discharge. This argument is also without merit. Certainly, if the facts of his loan with Dominion were as he says they were, then Luna, acting as a reasonable person, would have known, when he filed his bankruptcy proceeding, that he had a claim against Dominion. Clearly, Luna was silent as to his claim, although he had an opportunity to list the claim as an asset in bankruptcy.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur.
[1] The record does not indicate why Luna, claiming to have borrowed $70,000, admitted in the statement that he owed $90,000.