Flora Bertrand sued Ted Fowler, individually and doing business as Fowler Real Estate Company; Jim Handley, individually; and Albert King, individually, alleging negligent construction and/or condition of a wheelchair access ramp at her home; negligent maintenance or repair of the access ramp; and failure to warn of the dangerous and defective condition of the ramp or to make the home and/or area around the access ramp safe. King and Fowler entered into pro tanto settlements of the claims against them. The trial court entered a default judgment against Handley and awarded Bertrand damages of $40,000. Handley filed a motion to set aside the judgment, which the court granted. He later moved for a summary judgment, and the court granted that motion. Bertrand appeals from the summary judgment.
In 1990, Bertrand, who has been confined to a wheelchair since 1984, contacted Section 8 Housing Authority regarding acquiring suitable housing. On the recommendation of Section 8 Housing, Bertrand contacted Handley concerning a house Handley owned and rented. While meeting with Handley at the house for an initial inspection, Bertrand told him that she would need an access ramp installed. She explained to Handley that she *Page 18 
was independent and could not rely on anyone to transport her in or out of the house, as Handley did on this occasion by pushing and pulling her wheelchair up and down steps. Section 8 Housing and Handley agreed to share equally the cost of the access ramp. Thereafter, Bertrand and Handley entered into a lease by which Bertrand rented the house from Handley.
After several unsuccessful attempts to find a suitable builder, Handley told Bertrand that if she knew of someone who would build the access ramp, then to contact that person. Bertrand, after two unsuccessful attempts, contacted Fowler, who recommended King. After obtaining Handley's permission and agreeing on a price, King and Fowler constructed the access ramp. Bertrand noticed, after the ramp was constructed, that it was not leveled off at the bottom; she informed Fowler of this defect. Bertrand alleges that Fowler and King, after watching her use the access ramp, told her that the defect did not present a problem. Bertrand further alleges that after the access ramp was completed King contacted her several times concerning the fact that he had not received payment from Handley, and that Handley informed her that he was not going to pay because, he said, the access ramp had been built improperly.
On August 14, 1989, while Bertrand was leaving her home by way of the access ramp, her wheelchair flipped over. She fell and suffered injuries, including a fractured femur, which required surgery. Bertrand sued after a default judgment had been entered against Handley, but before that judgment was set aside and the summary judgment was entered in Handley's favor, Bertrand filed for Chapter 13 bankruptcy and, later, for Chapter 7 bankruptcy.
One moving for a summary judgment has the burden to make a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. See, also, Willingham v. UnitedInsurance Co. of America, 642 So.2d 428 (Ala. 1994), and the cases cited therein. Until the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden does not shift to the opposing party to establish a genuine issue of material fact. Willingham, supra. This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. In order to defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence in support of his position. Ala. Code 1975, § 12-21-12.Betts v. McDonald's Corp., 567 So.2d 1252 (Ala. 1990). "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Handley argues that whatever the basis was on which the court entered the summary judgment, that judgment is due to be affirmed, because, he argues, Bertrand was judicially estopped from pursuing this claim against him. In support of his motion for a summary judgment, Handley showed that after Bertrand had served the default judgment against him, Bertrand filed her bankruptcy petitions, but that she did not disclose that judgment to the bankruptcy court. Therefore, he argued, she was judicially estopped from asserting her claim against him.
Handley relies on Luna v. Dominion Bank of Middle Tennessee,Inc., 631 So.2d 917 (Ala. 1993), wherein this Court held that the doctrine of judicial estoppel applies to estop a debtor from suing on a claim where the debtor has failed to disclose the claim in an earlier bankruptcy proceeding. In Luna, a discharged Chapter 7 debtor, Luna, sued Dominion Bank 18 months after his bankruptcy discharge, alleging breach of contract, fraud, and negligence, based on the bank's alleged failure to distribute loan proceeds to which Luna claimed he was entitled. Dominion Bank argued that Luna was judicially estopped from suing on those claims because he had failed to disclose in his bankruptcy schedules any claims against the bank as potential assets. Luna argued that the doctrine should not be applied to him because, he said, he was unaware of his claim against Dominion Bank until after his bankruptcy *Page 19 
discharge; however, this Court held that if the facts were as he claimed, then Luna, acting as a reasonable person, would have known when he filed for bankruptcy that he had a claim against Dominion Bank and should have included that claim on the bankruptcy schedule. The Court emphasized the importance of full disclosure by one seeking the protection of bankruptcy:
 " 'The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court. Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of "adequate information." ' "
Luna, 631 So.2d at 919, quoting Oneida Motor Freight, Inc. v.United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988), cert.denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988).
Bertrand admits that she did not disclose her judgment against Handley as an asset in any document she executed during her bankruptcy proceeding. Bertrand filed her complaint against Handley on February 28, 1990, and the court entered a default judgment against Handley on June 29, 1990. Subsequently, Bertrand filed a petition for Chapter 13 bankruptcy in 1991; that petition was dismissed. She filed for Chapter 7 bankruptcy in 1993; her petition was granted and her debts were discharged. Bertrand filed this action before she filed either bankruptcy petition, and she did not disclose the default judgment entered against Handley in either bankruptcy proceeding. A debtor discharged in bankruptcy is judicially estopped from asserting in the future a claim not listed in the bankruptcy proceeding if the debtor should have known of its existence. Therefore, we conclude that a debtor who does in fact know that a default judgment has been rendered in her favor and who does not disclose this fact in a bankruptcy proceeding is judicially estopped from pursuing the claim on which the judgment was based if the default judgment is later set aside.
We conclude that under these facts Bertrand's failure to disclose in either bankruptcy proceeding the default judgment entered against Handley precludes her from maintaining this present action.
The judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, INGRAM and COOK, JJ., concur.