Debra Underwood appeals from a summary judgment entered in favor of First Franklin Financial Corporation ("First Franklin"), Voyager Life Insurance Company ("Voyager"), and Joe Seals, an employee of First Franklin. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
In December 1992 and in April 1993, Debra Underwood and her husband, Jesse Underwood, borrowed money from First Franklin. In connection with these loans, the Underwoods also purchased two policies of credit life insurance from First Franklin and Voyager. In the event of a death, the credit life insurance would pay in full the debt owed to First Franklin.
In November 1993, the Underwoods filed a voluntary petition for Chapter 13 bankruptcy protection, listing in their petition certain debts, including the two loans with First Franklin. Jesse Underwood died in December 1994, while the Underwoods were still in bankruptcy. The bankruptcy plan was confirmed on January 7, 1994.
On January 13, 1995, Ms. Underwood filed a claim with First Franklin for the credit life insurance proceeds from the two Voyager policies. On January 26, 1995, Voyager issued two checks to First Franklin, paying benefits in the amount of $1,808, to be applied toward Ms. Underwood's loans with First Financial. Ms. Underwood discovered that the two policies had paid a sum far less than the amount that would have satisfied her loan balance with First Franklin. She telephoned Seals, a friend who was also an employee of First Franklin, to find out why *Page 426 
the credit life insurance proceeds did not pay in full her loan obligations with First Franklin. Seals told Ms. Underwood that she had received all of the proceeds she was entitled to receive because she and her husband had filed for bankruptcy in November 1993. Seals further threatened to repossess her automobile, because the credit life insurance had not fully paid the loans.
On February 22, 1995, Ms. Underwood filed an application for a hardship bankruptcy discharge, based on her husband's death. Her application was granted by the bankruptcy court on April 17, 1995. The bankruptcy trustee was discharged on May 22, 1995, and the Chapter 13 proceeding was closed.
On January 2, 1996, Ms. Underwood filed this action against First Franklin, Voyager, and Seals, asserting claims alleging fraud, breach of contract, and bad faith, all relating to the benefits paid by Voyager under her insurance policies. First Franklin, Voyager, and Seals moved for a summary judgment, arguing that the "doctrine of judicial estoppel" prohibited Ms. Underwood from pursuing her claims. The trial court granted the motion and entered a judgment in favor of the defendants.
A motion for summary judgment may be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Hinkle v. BurgreenContracting Co., 678 So.2d 797 (Ala.Civ.App. 1996). If the moving party makes a prima facie showing that no genuine issue of material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to go forward with evidence creating a genuine issue of material fact. Id. In order to defeat a properly supported summary judgment motion, the nonmovant must present substantial evidence creating a genuine issue of material fact. Id.
A debtor in a bankruptcy proceeding must disclose any litigation likely to arise in a nonbankruptcy context. Luna v.Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917
(Ala. 1993). The doctrine of judicial estoppel applies to preclude a party from assuming a position in a legal proceeding inconsistent with a position previously asserted. Id. Thus, the doctrine prevents a debtor who failed to disclose a claim in a bankruptcy proceeding from asserting the claim in a nonbankruptcy setting.
The undisputed evidence shows that Ms. Underwood never scheduled her claims against these defendants in her bankruptcy disclosure statement and that she never amended her statements to show these alleged claims as an asset.
The defendants relied on Luna and Bertrand v. Handley,646 So.2d 16 (Ala. 1994), to support their motion for summary judgment. We find those cases to be distinguishable.
In Luna, a discharged Chapter 7 debtor, Luna, sued Dominion Bank 18 months after his bankruptcy discharge, alleging a breach of contract, fraud, and negligence, based on the bank's alleged failure to distribute loan proceeds to which Luna claimed he was entitled. Dominion Bank argued that Luna was judicially estopped from suing on those claims because in his bankruptcy schedules he had failed to disclose, as potential assets, any claims against the bank. Luna argued that the doctrine should not be applied to him because, he said, he was unaware of his claim against the bank until after his bankruptcy discharge; the supreme court, however, held that if the facts were as he claimed, then Luna, acting as a reasonable person, would have known during the bankruptcy proceedings that he had a claim against the bank and should have included that claim on the bankruptcy schedule.
Unlike Ms. Underwood, Luna was a developer and businessman and should have known when Union refused to lend him the rest of his money under the loan that he had a potential cause of action against the bank. Ms. Underwood, on the other hand, had less than a high school education, had no business experience, and had just experienced her husband's death. Further, unlike Ms. Underwood's claims, Luna's claims arose before the bankruptcy petition was filed.
In Bertrand, Bertrand sued Handley, alleging negligence, and obtained a default judgment. Later, Bertrand filed a bankruptcy *Page 427 
petition, but did not disclose to the bankruptcy court the default judgment. The supreme court, citing Luna, held that Bertrand was judicially estopped from enforcing his judgment against Handley, because he had failed to disclose the default judgment as an asset on his disclosure statement.
The claims in Luna and Bertrand had surfaced well before the plaintiffs in those cases filed bankruptcy petitions; that fact indicates that they knew or should have known of their claims. Clearly, Ms. Underwood, according to her affidavit, was unaware that she had any kind of claim against the defendants until almost one year after the credit life proceeds had been paid to First Franklin. This is further evidenced by the fact that Ms. Underwood had been led to believe by Seals that under the terms of the agreement with First Franklin and Voyager, and because she and her husband had filed for bankruptcy protection, she was not entitled to receive credit life proceeds in an amount that would satisfy her exiting debts to First Franklin. It was not until eight months after Ms. Underwood's application for a hardship bankruptcy discharge was granted that she realized that she had a claim against the defendants.
Under the facts of this case, whether Ms. Underwood, while she was engaged in bankruptcy proceedings, knew or should have known that she had causes of action against the defendants was a question that should have been decided by the trier of fact and not disposed of as a matter of law.
For the foregoing reasons, we conclude that the court erred in entering the summary judgment. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.