On Application for Rehearing

CRAWLEY, Judge.
The opinion of May 21, 1999, is withdrawn and the following is substituted therefor.
In November 1995, Larry N. Saunders sued North Alabama Neurological, P.A., and Robert L. Hash II, M.D. (collectively “Dr. Hash”), for damages based on an allegation that Dr. Hash had committed medical malpractice in treating him. Larry Saunders’s wife Sandra Saunders also sued, alleging loss of consortium. Dr. *613 Hash filed a motion for a summary judgment, which the trial court granted. The Saunderses appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. South-Trust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial-evidence rule in the summary-judgment context.
Dr. Hash performed brain surgery on Mr. Saunders in June 1994. According to Mrs. Saunders, Mr. Saunders became paralyzed, blind, and totally disabled following the surgery. Mrs. Saunders has a general power of attorney for Mr. Saunders. The following facts are undisputed:
Mrs. Saunders consulted an attorney in October 1994 regarding her concerns about the effects of the surgery, and in November 1994 she consulted the attorney who filed this medical-malpractice action; it was filed in November 1995. In November 1994, Mrs. Saunders consulted an attorney to discuss bankruptcy, and in January 1995 the Saunderses filed a Chapter 7 bankruptcy petition. In the petition, the Saunderses did not disclose their claim against Dr. Hash. In April 1995, the bankruptcy court ordered a discharge of the Saunderses’ debts.
Dr. Hash argued in the summary judgment motion that the Saunderses were judicially estopped from pursuing this malpractice claim because they did not disclose it on their bankruptcy petition. We agree.
“The doctrine of judicial estoppel applies, where a debtor in bankruptcy proceedings fails to disclose any claim that may be presented in a nonbankruptcy contest, to estop the debtor from presenting the claim.” Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917, 919 (Ala.1993) (citations omitted). See also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir.1988), for a discussion of “the debtor’s express obligation of candid disclosure.” “The doctrine applies to preclude a party from assuming a position in a legal proceeding inconsistent with a position previously asserted.” Luna, 631 So.2d at 918. See also Bertrand v. Handley, 646 So.2d 16 (Ala.1994).
In this case, it is undisputed that Mrs. Saunders met with two attorneys to discuss whether Dr. Hash’s surgery might have caused the disabilities Mr. Saunders subsequently experienced. When the Saunderses filed their bankruptcy petition, Mrs. Saunders knew that she and her husband had possible claims against Dr. Hash, and their failure to disclose those possible claims on their bankruptcy petition judicially estops them from suing Dr. Hash. As stated in Luna, the determinative factor for the application of the doctrine of judicial estoppel in a case involving a petition in bankruptcy is whether the debtor knew or should have known that she had a claim. In this case, we are presented with the most compelling undisputed evidence: the debtor, Mrs. Saunders, knew that she had a claim against Dr. Hash — she had consulted two attorneys before filing her bankruptcy petition. We cannot conceive of when the doctrine of judicial estoppel would not bar a lawsuit not listed on a bankruptcy petition when the debtor has actually consulted an attorney regarding the merits of a potential lawsuit.
We conclude that the trial court properly entered the summary judgment, because the Saunderses are judicially es-topped from pursuing the claims presented in this action.
OPINION OF MAY 21, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
THOMPSON, J., concurs.
*614 ROBERTSON, P.J., concurs specially.
YATES and MONROE, JJ., dissent.