MONROE, Judge,
dissenting.
Because I do not believe that the trial court’s entry of a summary judgment was proper in this case, I must respectfully dissent.
The Saunderses filed their bankruptcy petition in January 1995, and the bankruptcy court entered an order discharging them from their debts in April 1995. At the time they filed the petition, the Saun-derses were investigating the possibility that perhaps Mr. Saunders had become disabled because of his doctor’s negligence; however, they did not yet know whether they had a valid claim against the doctor. They did not sue Dr. Hash until November 1995, more than six months after the bankruptcy court had entered its order.
In Underwood v. First Franklin Financial Corp., 710 So.2d 424 (Ala.Civ.App.1997), this court held that whether the bankruptcy petitioner was judicially es-topped from suing certain defendants because she had failed to list her claims against them on a bankruptcy petition was an issue of fact precluding a summary judgment. The question at issue here is not whether judicial estoppel applies in this case. We agree that if the Saunders-es knew they had a claim at the time their bankruptcy petition was filed, then the doctrine would apply. The question is whether the Saunderses knew or should have known that they had a valid cause of action against Dr. Hash at the time they filed their bankruptcy petition. As this court held in Undemood, that is a genuine issue of material fact that must be determined by the finder of fact.
This situation is analogous to determining whether a fraud claim is barred by the statute of limitations. There is no dispute that if a party knew he had a claim but failed to file that claim in a timely manner, then his claim is barred by the statute of limitations. Whether the statute of limitations is applicable in any given case is a question of law. However, the question of when a party had, or should have had, knowledge of the fraud, which would toll the running of the limitations period is for the jury. McGowan v. Chrysler Corp., 631 So.2d 842 (Ala.1993).
Consulting an attorney to find out if one has a valid medical-malpractice claim is just the first step in a lengthy process. Until the client’s medical records can be obtained and an expert can review those records to determine if there is a question whether the standard of care was breached *615 in the particular instance, an attorney cannot tell the client with any confidence whether she has a valid cause of action. In this case, the Saunderses presented evidence tending to show that they filed their bankruptcy petition before their attorneys could properly evaluate the merits of their case to determine whether they in fact had a valid claim.
The question of when the Saunderses knew they had a claim against Dr. Hash is a genuine issue of material fact. Therefore, the summary judgment was not proper in this case. I would reverse that judgment. Therefore I respectfully dissent.