LYONS, Justice
(dissenting).
I respectfully dissent. The defendants, North "Alabama Neurological, P.A., and Robert L. Hash II, M.D., assert that the doctrine of judicial estoppel bars the plaintiffs from proceeding with this medical-malpractice action. The defendants say that the Saunderses’ allegations of malpractice relate to events that had occurred before the Saunderses filed a petition under Chapter 7 of the United States Bankruptcy Code. When they filed their bankruptcy schedules, the Saunderses did not list as an asset the claim they now assert against these defendants. They were required by 11 U.S.C. § 521[1] to list such claims. The defendants argue that, because the Saunderses did not list the claim, they are now precluded by the doctrine of judicial estoppel from maintaining this action, which the Saunderses filed several months after receiving their discharge in bankruptcy. The trial court entered a summary judgment in favor of the defendants, on the ground of judicial estoppel. The Court of Civil Appeals affirmed. Saunders v. North Alabama Neurological, P.A., 770 So.2d 612 (Ala.Civ.App.1999).
As a preliminary matter, I will state that I have concerns about the Saunderses’ standing to bring this action. Once a debt- or is discharged pursuant to Chapter 7, as the Saunderses were, the trustee, and not the debtor, has standing to pursue the debtor’s claims that arose before the bankruptcy petition was filed. Stanley v. Sher- *616 win-Williams Co., 156 B.R. 25 (W.D.Va.1993); DeLarco v. DeWitt, 136 A.D.2d 406, 527 N.Y.S.2d 615 (1988). See, also, In re Griner, 240 B.R. 432 (Bankr.S.D.Ala.1999). After a bankruptcy estate is closed) “the debtor or other party in interest” can seek to reopen the estate “to administer assets, to accord relief to the debtor, or for other cause.” 11 U.S.C. § 350.[2] In this case, the Saunderses could have moved to reopen the case in their Chapter 7 bankruptcy to permit the trustee to assert a claim against the defendants. However, the Saunderses have not sought to have the trustee assert such a claim; they commenced this action in their own names. But, at this stage we have before us insufficient information to determine whether the defendants challenged the Saunderses’ capacity to bring this action.[3] Rule 9(a), Ala. R. Civ. P., provides that one challenging a party’s capacity to sue must raise the challenge by “specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.” A general denial does not satisfy the requirements of Rule 9(a). Gardendale Subaru Motors, Inc. v. Fields, 345 So.2d 1357 (Ala.Civ.App.1976), cited with approval in Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979). The defense based on lack of capacity, raised by “specific negative averment,” cannot be raised for the first time after the entry of a judgment. White, 377 So.2d at 935.[4]
This Court recently released Jinright v. Paulk, 758 So.2d 553 (Ala.2000), in which we discussed whether a debtor’s knowledge of a potential claim and the debtor’s failure to list it as an asset on the bankruptcy schedules were sufficient to invoke the application of the doctrine of judicial estoppel:
“[A] debtor’s mere knowledge or awareness of a potential claim and the debt- or’s failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel.... Factors such as the chapter under which the debtor sought bankruptcy protection, whether the debtor has been discharged in bankruptcy, and whether the debtor amended the bankruptcy schedules to include the omitted asset should be significant to an inquiry regarding whether to apply the doctrine of judicial estoppel to bar the debtor’s claim. Furthermore, under this Court’s decision in Porter [v. Jolly, 564 So.2d 434 (Ala.1990),] and the United States bankruptcy court’s decision in Griner, a defendant seeking to apply the doctrine must prove prejudice to the defendant. See Porter, 564 So.2d at 437; and Griner, 240 B.R. at 438.”
758 So.2d at 559.
The evidence here shows that before they filed their bankruptcy petition the *617 Saunderses were in touch with an attorney concerning the prospect of filing a medical-malpractice action; that they never disclosed this information to their bankruptcy attorney; that the medical-malpractice attorney began investigating the claim; that the bankruptcy estate was closed; and that several months after it was closed the Saunderses filed this malpractice action. I would issue the writ of certiorari to review further the issue of standing and the issue whether a jury question was presented, under the principles of Jinright, as to whether the Saunderses are judicially es-topped from filing the medical-malpractice action, by reason of their failure to list the claim as an asset on their bankruptcy-petition schedules or their failure to amend their petition to list the claim before receiving their discharge in bankruptcy.

. A bankruptcy petition's Schedule B regarding personal property requires a debtor to list all "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.”

. For an example of the circumstances a court considers in deciding whether to reopen a bankruptcy estate to allow the assertion of undisclosed claims, see In re Koch, 229 B.R. 78 (Bankr.E.D.N.Y.1999).

. The defendants have filed a supplemental brief in opposition to the Saunderses' petition for the writ of certiorari, in which they argue that the decision of the Court of Civil Appeals in this case does not conflict with Jinright v. Paulk, 758 So.2d 553 (Ala.2000), because, unlike the debtors in Jinright, the Saunderses, these defendants argue, do not have standing to pursue their claims. They also argue that even if the doctrine of judicial estoppel does not apply in this case, the Court of Civil Appeals correctly affirmed the summary judgment because of the Saunderses' lack of standing. This argument, addressed to the merits of the issue, is inappropriate. A brief in response to a petition for the writ of certio-rari is “limited solely to the issue of whether any of the grounds set forth in [Rule 39](c)(l) — (5) authorize the issuance of a writ.” Rule 39(0, Ala. R.App. P.

.Under similar procedural provisions, Utah has applied the doctrine of waiver where an individual, rather than his bankruptcy trustee, had filed the action, notwithstanding the individual's having filed his bankruptcy petition while the lawsuit was pending, and where the defendant did not seasonably raise the issue whether the trustee and not the individual was the proper party to maintain the action. See Phillips v. JCM Dev. Corp., 666 P.2d 876, 883-84 (Utah 1983).