775 So.2d 798 (2000)
Ex parte Sheryl WHITE and John White.
(In re Sheryl White and John White v. Dr. James Northington and Northington Clinic, P.C.)
1982202.
Supreme Court of Alabama.
June 23, 2000.
J. Barton Warren, Huntsville; and Herman Watson, Jr., of Watson & Jimmerson, P.C., Huntsville, for petitioners.
*799 Nicholas B. Roth and Jenny L. McLeroy of Eyster, Key, Tubb, Weaver & Roth, Decatur, for respondents.
COOK, Justice.
On November 17, 1995, John White and his wife Sheryl White filed a medical-malpractice action against Dr. James Northington and Northington Clinic, P.C., alleging that Dr. Northington had, during a surgery, removed Sheryl White's ovaries without her consent. On October 19, 1998, Dr. Northington discovered that on May 25, 1995, before they had sued him and Northington Clinic, the Whites had filed a Chapter 13 bankruptcy petition and that they had not disclosed their malpractice claim to the bankruptcy court. On the same day Dr. Northington discovered that one of the Whites' attorneys, by telephone, obtained permission from the bankruptcy court to represent the bankruptcy court's interest in the proceedings against Dr. Northington and Northington Clinic. Dr. Northington and Northington Clinic moved for a directed verdict, arguing that the Whites lacked standing to pursue the malpractice claim and that they should be judicially estopped from maintaining the malpractice action because of their failure to report the malpractice claim in their 1995 Chapter 13 bankruptcy proceedings. The trial court rejected the lack-of-standing argument, but directed a verdict for the defendants on the basis of judicial estoppel. Based on the directed verdict, the court entered a judgment for the defendants. The Whites appealed. The Court of Civil Appeals, on July 22, 1999, affirmed the judgment of the trial court, without an opinion. White v. Northington, (No. 2980399) ___ So.2d ___ (Ala.Civ.App. 1999) (table). We granted the Whites' petition for certiorari review. We reverse and remand.
The Whites argue that they should not be judicially estopped from asserting their medical-malpractice claim against Dr. Northington and Northington Clinic, and they ask this Court to overrule, in part, Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917 (Ala.1993).
On May 25, 1995, the Whites filed for bankruptcy protection under Chapter 13 of the Bankruptcy Act. Almost six months later, on November 17, 1995, the Whites filed the medical-malpractice action against Dr. Northington and Northington Clinic. The Whites did not list the medical-malpractice claim as an asset on their bankruptcy schedule of assets, nor did they later amend their bankruptcy schedule to reflect the pending malpractice lawsuit. However, the bankruptcy court was made aware of the Whites' pending action on October 19, 1998, when the Whites' attorneys spoke with the bankruptcy judge and obtained permission to continue with the malpractice action in a dual role in which the attorneys would also represent the bankruptcy court's interest in the suit.
The Whites' original payment plan provided for a 100% payback to all creditors to be completed by May 25, 2000. On September 6, 1996, the Whites moved to modify the confirmed payment plan. They sought to reduce the payment to unsecured creditors to 25%, because Sheryl White was no longer employed. The bankruptcy court granted the motion. When the bankruptcy court was asked to modify the confirmed payment plan, the Whites had not amended their schedule of assets to reflect the action against Dr. Northington and Northington Clinic. However, the bankruptcy court was notified of the existence of that action on October 19, 1998. At that time, the Whites had not been discharged by the bankruptcy court.
The Whites ask this Court to overrule Luna v. Dominion Bank, supra. However, the facts of Luna are distinguishable from the facts in the present case. In Luna, Luna filed a "lawsuit 18 months after he had been discharged from his debts in bankruptcy proceedings." 631 So.2d at 918. Luna had not disclosed in his Chapter 7 proceedings that he had a potential claim or asset. Id. The Court in *800 Luna found that there was evidence indicating that Luna did know, or should have known, of his claims while his bankruptcy case was pending. Therefore, Luna had a duty to report his potential claims to the bankruptcy court. Id. at 919. Because the bankruptcy court relied on Luna's bankruptcy schedules as being true and accurate, allowing Luna to continue with his lawsuit would have seriously impinged on the integrity of the judicial system.
Unlike Luna, the Whites had not been discharged in bankruptcy at the time they filed their state-court action. Although the Whites still have not amended their bankruptcy schedules to reflect the pendency of the state action, the bankruptcy court is aware that that action exists and that it is pending. The Whites' attorneys notified the bankruptcy court of the Whites' state-court action when the attorneys requested that they be allowed to represent the bankruptcy court's interest in the state-court proceedings. The bankruptcy rules are fairly lenient: "[I]f a debtor fails to include assets on his schedules and later seeks to add them, the Bankruptcy Rules allow it `as a matter of course at any time before the case is closed.'" In re Griner, 240 B.R. 432, 439 (Bankr.S.D.Ala.1999)(citing Fed. R. Bankr.P. 1009(a)). Because the Whites did report the pending action to the bankruptcy court before they were discharged, their actions did not significantly impinge on the integrity of the judicial system.
The facts of this case and the facts of Luna are easily distinguishable; therefore, in order for the Whites to avoid the holding of judicial estoppel, it would not be necessary for us to overrule Luna.
This case is more appropriately addressed under this Court's recent decision in Jinright v. Paulk, 758 So.2d 553 (Ala. 2000). The Jinrights were Chapter 13 debtors, just as the Whites are in this case. In Jinright, we stated: "[A] debtor's mere knowledge or awareness of a potential claim and the debtor's failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel." Id. 758 So.2d at 554. In concluding that the doctrine of judicial estoppel should not apply to the Jinrights, we stated:
"Although the Jinrights' initial failure in their bankruptcy proceedings to list their claim against Paulk and Option Builders as an asset was inconsistent with the claims they made in their lawsuit against Paulk and Option Builders, nothing before us indicates that the Jinrights will benefit from that omission, nor has there been any showing that Paulk and Option Builders have been prejudiced by the omission."
758 So.2d at 559. Similarly, there is no indication, in the present case, that the Whites will benefit from the omission. In fact, the bankruptcy court became aware of the Whites' claims against Dr. Northington and Northington Clinic before the Whites were discharged. Furthermore, we find no indication that Dr. Northington and Northington Clinic have been prejudiced by the Whites' initial failure to disclose their malpractice claim to the bankruptcy court.
We reverse the Court of Civil Appeals' judgment affirming the trial court's judgment based on the directed verdict in favor of Dr. Northington and Northington Clinic, and we remand for that court to order further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
HOUSTON, J., concurs specially.
BROWN, J., concurs in the result.
HOUSTON, Justice (concurring specially).
I believe Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917 *801 (Ala.1993), was correctly decided. The main opinion's statement that: "it [is not] necessary for us to overrule Luna" does not, in my opinion, mean that the Court would overrule Luna if this present case could not be distinguished from it. In that hypothetical situation, I would follow Luna and let the chips fall where they may in deciding this present case.