PITTMAN, Judge.
Earl Wayne Bonner (“the employee”) sued Drummond Company, Inc. (“the employer”), for workers’ compensation benefits. The employee alleged that he was injured in a work-related accident in December 1994 and in a second work-related accident in February 1997, and that he suffered a permanent disability as a result of either injury or both injuries.
The employer filed a summary-judgment motion, arguing that the employee’s workers’ compensation claims are barred because the employee failed to list those claims on his Chapter 7 bankruptcy petition, which he filed a few months after filing his workers’ compensation action. The trial court denied the employer’s summary-judgment motion. The trial court also denied the employer’s motion to stay the trial.
Following a bench trial, the trial court ruled that the employee’s failure to list his workers’ compensation claims in his Chapter 7 bankruptcy petition did not estop him from filing the workers’ compensation action. The trial court further found that the employee had a permanent total disability. The employer appeals.
The employer argues that the trial court (1) misapplied the doctrine of judicial es-toppel by allowing the employee to proceed with his workers’ compensation claims when the employee had failed to list his claims on his Chapter 7 bankruptcy petition; (2) erred by finding that the employee had proved legal causation; (3) erred by finding that the employee had proved medical causation; and (4) erred by finding the employee had suffered a permanent total disability.
This court will not reverse a trial court’s judgment in a workers’ compensation case based on factual findings if those findings are supported by “substantial evidence.” Section 25-5-81(e)(2), AlaCode 1975. Substantial evidence is “ ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996), quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The trial court’s legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash, 624 So.2d 576 (Ala.1993).
I. The Doctrine of Judicial Estoppel
We first address the employer’s argument that the doctrine of judicial estoppel bars the employee’s workers’ compensation claims. Our supreme court discussed and clarified the doctrine of judicial estoppel in Jinright v. Paulk, 758 So.2d 553 (Ala.2000). The court stated:
“The doctrine of judicial estoppel ‘applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Judicial estoppel looks to the connection between the litigant and the .judicial system!,] while equitable estoppel focuses on the relationship between the parties to the prior litigation.’ Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844, 846 (Ala.1992) (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3rd Cir.), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 *989 (1988)). The doctrine is applied to uphold the integrity of the judicial system. Chandler v. Samford University, 35 F.Supp.2d 861 (N.D.Ala.1999). However, this court has recognized a number of limitations upon the rule against asserting inconsistent positions in judicial proceedings.
“ ‘ “[T]he following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; and (6) it must appear unjust to one party to permit the other to change.” ’
“28 Am.Jur.2d § 70 Estoppel and Waiver (1966) (as quoted with approval in Porter v. Jolly, 564 So.2d 434, 437 (Ala.1990)). Thus, a party may not claim the benefit of the doctrine of judicial estop-pel unless the party can demonstrate that the party against whom the estop-pel is sought procured a judgment in its favor as a result of the inconsistent position taken in the prior proceeding. Moreover, the party claiming the estop-pel must have been misled by the conduct of the party against whom the es-toppel is sought, and consequently changed its position to its prejudice. Id."
758 So.2d at 555.
The employer argues that the application of the doctrine of judicial estoppel in this case should have precluded the employee’s workers’ compensation claim. We disagree. The employer cites Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917, 918 (Ala.1993), in support of its argument. Luna was distinguished in Jinright, quoted above, because the plaintiff in Luna had sued a creditor after not listing the potential claim against the creditor on his Chapter 7 bankruptcy petition. The Jinright court also distinguished Luna because the plaintiff in Jinright had filed a Chapter 13 bankruptcy petition and the plaintiff in Luna had filed a Chapter 7 bankruptcy petition.
The employee in this case did not list his workers’ compensation claim as a potential claim on his Chapter 7 bankruptcy petition. The employer is not one of the employee’s creditors and was not a party to the bankruptcy proceedings. The employee testified that he did not list his workers’ compensation claim on the advice of his bankruptcy attorney, who is not representing him in the worker’s compensation case. The employee testified that the bankruptcy attorney advised him that workers’ compensation benefits would be exempt from the bankruptcy estate and that listing the claim was not necessary.[1] We conclude that application of the doctrine of judicial estoppel does not preclude the employee’s workers’ compensation claim.
The Jinright court stated:
“[A] debtor’s mere knowledge or awareness of a potential claim and the debtor’s failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel.... Furthermore, ... a defendant (such as the employer) seeking to apply the doc *990 trine must prove prejudice to the defendant.”
758 So.2d at 559. The employer has shown no prejudice caused by the employee’s failure to list his workers’ compensation claim as a potential asset of the bankruptcy estate. Although Jinright addressed a Chapter 13 bankruptcy, its requirement that the party seeking to preclude a claim via judicial estoppel must show prejudice has been followed in cases involving a Chapter 7 bankruptcy. See Hoffman v. Truck Driving Academy, Inc., 777 So.2d 151 (Ala.Civ.App.2000); and Battle v. Alpha Chem. & Paper Co., 770 So.2d 626 (Ala.Civ.App.2000) (both requiring a showing of prejudice in order to preclude a claim via judicial estoppel).
II.Legal Causation and Medical Causation
We next address the employer’s arguments that the employee failed to prove legal causation and medical causation. The employee testified that he suffered a work-related injury to his leg in December 1994 and another work-related injury to his neck in February 1997. The employee testified that the December 1994 injury was caused by a steel relay bar falling on his right leg and breaking it. He testified that the February 1997 neck injury was caused by his hitting a “low shield” in the coal mine. Therefore, we conclude that the employee presented substantial evidence of the legal causation of his injuries.
In order to prove medical causation, the employee must present substantial evidence showing that his work-related accidents are “a contributing cause of his injuries].” Patterson v. Clarke County Motors, Inc., 551 So.2d 412, 415 (Ala.Civ.App.1989). The employee presented evidence via his own testimony and that of his treating physicians indicating that his current medical problems were caused by his work-related injuries; therefore, we conclude that the employee presented substantial evidence of the medical causation of his injuries as well. See Wal-Mart Stores, Inc. v. Kennedy, 799 So.2d 188 (Ala.Civ.App.2001) (holding that lay evidence as well as medical evidence is sufficient to prove medical causation).
III.Finding of Permanent Total Disability
The employer lastly argues that the trial court’s judgment finding the employee to have suffered a permanent total disability is not supported by substantial evidence. We disagree. The employee was 51 years old at trial. Since 1974, the employee has worked in heavy manual labor in the trailer manufacturing industry and in the coal mining industry. The employee has an eighth-grade education. He relies on his wife for reading and writing. The medical evidence indicates that the employee cannot stand, sit, or walk for sustained periods. The employee’s vocational rehabilitation expert witness, Dr. William Crunk, testified that the employee has a 100% loss of earning capacity. Therefore, we conclude that the trial court’s judgment finding the employee to have a permanent total disability is supported by substantial evidence.
IV.Conclusion
The employee’s workers’ compensation claim is not barred by the doctrine of judicial estoppel. Also, the trial court’s judgment finding the employee to have a permanent total disability is affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.

. This court will not address the correctness of the attorney's advice that workers’ compensation benefits are exempt from a bankruptcy estate.