Margaret S. Battle appeals from a summary judgment entered by the Circuit Court of Madison County on her breach-of-contract claim against Alpha Chemical and Paper Company ("Alpha"). The judgment was based upon her failure to list that claim as an "asset" in pending bankruptcy proceedings and on a lack of "standing." We reverse and remand.
On April 24, 1998, Battle filed this civil action in the Madison County District Court, alleging that she and Alpha had entered into a contract whereby Alpha had agreed to clean and store her property and that Alpha had subsequently breached that agreement by failing to satisfactorily perform cleaning services she said it had promised to perform. She sought damages of $3,059, plus prejudgment interest, *Page 628 
attorney fees, and costs. Battle's action was assigned case number DV-98-691.
On June 4, 1998, during the pendency of the district court proceedings, Battle filed a petition for relief under Chapter Seven of the United States Bankruptcy Code, in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division. Neither Schedule B to that petition, which is labeled "Personal Property," nor Schedule C, which is labeled "Property Claimed as Exempt," lists Battle's claim against Alpha. However, under a section labeled "Suits and Administrative Proceedings" in an attached "Statement of Financial Affairs," Battle listed "DV 98-691" as being a suit to which she was a party within one year immediately preceding the filing of her petition. On July 20, 1998, Battle filed a motion in the bankruptcy court for leave to continue "her civil cases now pending in the Circuit and District Courts of Madison County, Alabama," noting that she was "involved in civil proceedings involving her insurance company and the claim she has filed due to [a house] fire." On that same day, the bankruptcy court judge endorsed a "Granted" stamp on that motion, and the clerk of the bankruptcy court gave notice that that court had entered an order granting Battle's motion to allow her to continue her pending civil actions. On September 30, 1998, Battle was granted a discharge from her debts under 11 U.S.C. § 727.
A representative of Alpha responded to Battle's complaint against it by sending a letter to the district court.[1] Later, an attorney appeared on behalf of Alpha. After an ore tenus proceeding, the district court entered a judgment on January 26, 1999, in favor of Battle, awarding her $2,759.04 plus court costs. Alpha timely appealed from that judgment to the circuit court for de novo review.
In the circuit court, Alpha moved for a summary judgment, contending (1) that the doctrine of judicial estoppel applied to bar Battle's claim against it, and (2) that Battle lacked "standing" to assert her claim. In support, Alpha cited the cases of Luna v. Dominion Bank of Middle Tennessee, Inc.,631 So.2d 197 (Ala. 1993), and Bertrand v. Handley, 646 So.2d 16
(Ala. 1994), and attached pertinent documents it had obtained from the bankruptcy court. Battle filed a response in opposition. After a hearing, the circuit court entered a judgment in favor of Alpha on the bases of judicial estoppel and lack of "standing," and denied Battle's subsequent postjudgment motion.
Although the judgment was labeled a "dismissal" of Battle's claims, the circuit court entered its judgment after considering papers filed in the bankruptcy court that were supplied to the circuit court by the parties. Because the trial court could not have taken judicial notice of these materials (seeGarrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986)), they constitute "matters outside the pleadings" that were "presented to and not excluded by the court," so that Alpha's motion was converted to a motion for summary judgment. See Rules 12(b) and 12(c), Ala.R.Civ.P.; compare Wilson v. First Union Nat'l Bank ofGeorgia, 716 So.2d 722 (Ala.Civ.App. 1998) (discussing whether materials referenced in the complaint itself may be attached to a Rule 12 motion and considered by the trial court without conversion of the motion). We therefore review the circuit court's judgment under the standard applicable to a summary judgment:
 "Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is *Page 629 
entitled to a judgment as a matter of law. No presumption of correctness attaches to the decision of the trial court regarding the summary judgment motion, and our review is de novo. Hipps v. Lauderdale Cty. Bd. of Educ., 631 So.2d 1023, 1025 (Ala.Civ.App. 1993) (citing Gossett v. Twin County Cable T.V., Inc., 594 So.2d 635 (Ala. 1992)). Moreover, when an appeal focuses on the application of the law to the facts, no presumption of correctness is accorded to the trial court's judgment and we review de novo the application of the law to the facts of such a case. Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996)."
Pearson v. City of Hoover, 706 So.2d 1251, 1252 (Ala.Civ.App. 1997).
Battle contends that the trial court erred in concluding that the doctrine of judicial estoppel applied to prevent her from asserting her claim against Alpha and that that court also erred in ruling that she was without "standing" to assert her claim. In response, Alpha argues that the summary judgment was properly entered. We address the two bases of the summary judgment in turn.
 I. Judicial estoppel
At least since Oneida Motor Freight, Inc. v. UnitedJersey Bank, 848 F.2d 414 (3d Cir.), cert. denied, 488 U.S. 967
(1988), if not before, the doctrine of judicial estoppel has been asserted as a defense to otherwise proper claims in civil actions where a plaintiff in such an action has failed to reveal the existence of those claims in written schedules and statements he or she has filed in a separate proceeding in a bankruptcy court. Since Oneida was decided, the Alabama Supreme Court has considered various cases concerning whether judicial estoppel should bar the assertion of certain state-law causes of action by debtor-plaintiffs.See, e.g., Selma Foundry Supply Co. v. Peoples Bank Trust Co., 598 So.2d 844 (Ala. 1992) (recognizing, but distinguishing, Oneida based upon Chapter 11 debtor's amendment of disclosure statements identifying claim as asset); Luna v.Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917 (Ala. 1993) (barring claim of Chapter 7 debtor where debtor clearly knew of claim, yet failed to reveal it to bankruptcy court); Bertrandv. Handley, 646 So.2d 16 (Ala. 1994) (barring enforcement proceedings with respect to default judgment obtained by Chapter 7 debtor where that judgment was not disclosed in the bankruptcy court); cf. Chandler v. Samford Univ., 35 F. Supp.2d 861
(N.D.Ala. 1999) (applying federal estoppel principles in the context of an undisclosed federal employment-discrimination claim).
The Alabama Supreme Court has recently exhaustively set out the boundaries of the doctrine of judicial estoppel in a bankruptcy context. In Jinright v. Paulk,758 So.2d 553 (Ala. 2000), the plaintiffs, Steven C. Jinright and Lisa J. Jinright, sought relief under Chapter 13 of the Bankruptcy Code four years after having entered into a contract with a corporation (Option Builders, Inc.) for the construction of the plaintiffs' home. However, the plaintiffs did not initially disclose a potential claim they had against the corporation and its president (Dennis Paulk) for faulty construction of the home. After the bankruptcy court had confirmed the plaintiffs' initial creditor-repayment plan, they brought an action in a state court against the corporation, its president, and others. The plaintiffs later informed the trustee in bankruptcy and the bankruptcy court of their lawsuit; however, the corporation and its president asserted that the plaintiffs' state-court action was barred by the doctrine of judicial estoppel. The trial court agreed with the corporation and its president and entered a summary judgment in their favor.
In reversing the summary judgment in favor of the defendants in Jinright, the Alabama Supreme Court first noted the applicability of certain general principles governing the doctrine of judicial estoppel under Alabama law: *Page 630 
 "The doctrine of judicial estoppel `applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted. Judicial estoppel looks to the connection between the litigant and the judicial system[,] while equitable estoppel focuses on the relationship between the parties to the prior litigation.' Selma Foundry Supply Co. v. Peoples Bank Trust Co., 598 So.2d 844, 846 (Ala. 1992) (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414 (3d Cir.), cert. denied, 488 U.S. 967 (1988)). The doctrine is applied to uphold the integrity of the judicial system. Chandler v. Samford University, 35 F. Supp.2d 861 (N.D.Ala. 1999). However, this Court has recognized a number of limitations upon the rule against asserting inconsistent positions in judicial proceedings.
 "`"[T]he following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; and (6) it must appear unjust to one party to permit the other to change."'
 "28 Am. Jur. 2d § 70 Estoppel and Waiver (1966) (as quoted with approval in Porter v. Jolly, 564 So.2d 434, 437 (Ala. 1990)). Thus, a party may not claim the benefit of the doctrine of judicial estoppel unless the party can demonstrate that the party against whom the estoppel is sought procured a judgment in its favor as a result of the inconsistent position taken in the prior proceeding. Moreover, the party claiming the estoppel must have been misled by the conduct of the party against whom the estoppel is sought, and consequently changed its position to its prejudice. Id."
Jinright, 758 So.2d at 555 (emphasis added).
The Supreme Court further reasoned that Luna andBertrand were distinguishable on their facts, and that the Jinrights' belated disclosure of their claims against Option Builders and Paulk aligned the case more closely with SelmaFoundry, in which judicial estoppel had been held not to apply. We quote at length from Jinright:
 "The purpose of the doctrine of judicial estoppel will not be accomplished, but, rather, will be frustrated if defendants are allowed to use this doctrine to their advantage at the expense of plaintiffs with valid claims. Paulk and Option Builders will receive a windfall if they are allowed to escape any potential liability to the Jinrights on the basis that the Jinrights failed to list their potential claim in their initial bankruptcy proceeding, even though the bankruptcy court and the trustee have now been fully informed about the lawsuit and the Jinrights' potential claim. Judge [Margaret A.] Mahoney discussed this problem in [Travelers Indemnity Co. of Illinois v. Griner (In re Griner), 240 B.R. 432 (Bankr.S.D.Ala. 1999)]. We find her order to be well reasoned and instructive:
 "`Defendants also contend that the doctrine of judicial estoppel bars Sidney Griner from prosecuting or continuing the state court action. This doctrine precludes a party from assuming a position in a legal proceeding inconsistent with a position previously asserted. Luna v. Dominion Bank of Middle Tennessee, Inc., 631 So.2d 917, 918
(Ala. 1993).
"`. . . .
 "`In Luna, the Supreme Court of Alabama stated that, "judicial estoppel *Page 631 
applies, where a debtor in bankruptcy proceedings fails to disclose any claim that may be presented in a nonbankruptcy [context], to estop the debtor from presenting the claim." Id. at 919. Luna was precluded from pursuing his state court suit because it arose prepetition and he failed to disclose it in his bankruptcy proceedings. Travelers contends that the Luna
decision governs this case. The Court finds Luna
distinguishable for the following reasons:
 "`First, Luna brought claims against a creditor of his and related entities. Luna's claims were related to a prepetition claim held by the creditor which was discharged in Luna's bankruptcy case prior to his filing suit in state court. If the creditor knew about Luna's claim against it, the creditor may have been able to offset the claims or take some other action in Luna's bankruptcy case that was not available because it was unaware that the bankruptcy estate included a claim against it. Travelers is not a creditor in the [Griners'] bankruptcy case. Travelers and all of the defendants in Sidney Griner's state court suit are not prejudiced by Griner's failure to list the suit against them as an asset. See, Donato [v. Metropolitan Life Ins. Co.], 230 B.R. 418 [(N.D.Cal. 1999)] (judicial estoppel found not to bar debtor's lawsuit because defendant was not a creditor in debtor's case and debtor would not benefit by omission of suit from her schedules).
 "`Second, the bankruptcy court relied on Luna's schedules in granting him a discharge. Prior to granting the discharge, the court was never made aware of Luna's claim against the creditor. Thus, the court's integrity was impinged by Luna's failure to list the suit as a prepetition asset. Consolidated Stores, Inc. v. Gargis, 686 So.2d 268, 274 (Ala.Civ.App. 1996) (judicial estoppel serves to protect the integrity of the judicial proceedings)[, cert. denied, 686 So.2d 278 (Ala. 1996)[2]]. In this case, the Griners have not yet received a discharge and they amended their bankruptcy papers to include the state court suit. The initial omission of the suit did not impinge upon this Court's integrity.
 "`The fact that Luna, unlike the Griners, never amended his bankruptcy schedules and chapter 13 plan is also an important distinction. See, Selma Foundry and Supply Co., Inc. v. Peoples Bank and Trust Co., 598 So.2d 844, 847 (Ala. 1992) (debtor not judicially estopped from asserting a suit which was not included in its original disclosure statement since debtor listed the suit in an amended disclosure statement); Chandler v. Samford University, 35 F. Supp.2d 861 (N.D.Ala. 1999) (court judicially estopped debtor from pursuing discrimination action in part because she deliberately manipulated the courts when she chose not to amend her schedules to reflect the action as an asset of her bankruptcy estate). The Griners' amendment corrects their initial mistake and makes any nonexempt amount recovered from the state court suit available for distribution to creditors. Their election to amend their schedule of exemptions to include an "unknown" portion of Mr. Griner's state court suit does not change the Court's conclusion. The Griners have the right to amend their schedule of exemptions "at any time before the case is closed." Fed.R.Bankr.P. 1009. True, such amendments are precluded if the debtors concealed the asset. Doan v. Hudgins (In re Doan), 672 F.2d 831, 833 *Page 632 
(11th Cir. 1982). However, there is no evidence that the Griners attempted to conceal the suit. In fact, they listed it in their initial statement of affairs. Id. (debtors disclosed tax refund in initial filing and they therefore were permitted to amend schedules to claim tax refund as exempt).
 "`Finally, Luna failed to indicate that he had a cause of action in any of his bankruptcy documents. Luna, 631 So.2d at 919. The Griners initially listed their suit against Travelers in their statement of affairs. This supports the conclusion that the Griners mistakenly omitted their suit from their bankruptcy schedules and did not intentionally conceal a possible asset from their creditors.
"`. . . .
 "`Travelers contends that whether the Griners attempted to conceal the lawsuit is irrelevant and the Griners should be judicially estopped merely because they were aware of the cause of action prior to filing bankruptcy and did not include it as an asset in their schedules. The Court finds that whether Alabama or federal common law governs, mere knowledge or awareness on the part of the debtor is not sufficient to find that judicial estoppel applies. Judicial estoppel requires an intent that the court accept the truth of the facts alleged coupled with the receipt of an advantage from the assertion, Consolidated Stores, Inc., 686 So.2d at 274, 275 (Alabama law), or that the debtor obtains a benefit by deliberate manipulation. Chandler v. Samford University, 35 F. Supp.2d 861, 863 (N.D.Ala. 1999) (federal law); In re Daniel, 205 B.R. 346, 348
(Bankr.N.D.Ga. 1997) (judicial estoppel found not to preclude debtor's amendment because no evidence was presented that debtor intentionally or fraudulently concealed lawsuit). For the reasons mentioned above, especially because the Griners initially listed the suit in their statement of affairs, Travelers did not prove that the Griners intended to conceal Mr. Griner's state court suit or received a benefit from their initial omission of the suit. Consequently, Sidney Griner is not judicially estopped from continuing his state court suit.
"`. . . .
 "`Travelers' position is overly harsh and inequitable as well. Everyone, except Travelers, loses under its theory. If a debtor fails to include assets on his schedules and later seeks to add them, the Bankruptcy Rules allow it "as a matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a). A bankruptcy court has ample powers to punish debtors who wrongfully conceal assets, i.e., sanctions under Fed.R.Bankr.P. 9011, conversion of the case to chapter 7 (§ 1307(c)), revocation of discharge (§ 1328(e)), referral for criminal charges (18 U.S.C. § 152(1), (2), (3), (7)). Travelers['] position punishes the creditors of the nondisclosing debtor, not just the debtor. The better result is to allow the claim to be prosecuted and collected, order the funds paid toward claims filed in the case, and punish the debtor another way.'
 "240 B.R. at 438-39. See also Donato v. Metropolitan Life Ins. Co., 230 B.R. 418 (Bankr.N.D.Cal. 1999).
 "We agree with the Griner court that a debtor's mere knowledge or awareness of a potential claim and the debtor's failure to include the claim as an asset on the bankruptcy schedules filed with the court, without more, are not sufficient to invoke the application of the doctrine of judicial estoppel. Other courts that recognize the doctrine of judicial estoppel as a bar to a debtor's assertion of a claim not identified as an asset in an earlier bankruptcy proceeding require that the party seeking to apply the doctrine demonstrate (1) that *Page 633 
the positions asserted by the party against whom the estoppel is sought are in fact inconsistent, and (2) that the inconsistency would allow a party to benefit from the deliberate manipulation of the courts. Chandler, 35 F. Supp.2d at 863-64. See, also, Ryan Operations, G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355 (3d Cir. 1996); In re Tippens, 221 B.R. 11
(Bankr.N.D.Ala. 1998). Factors such as the chapter under which the debtor sought bankruptcy protection, whether the debtor has been discharged in bankruptcy, and whether the debtor amended the bankruptcy schedules to include the omitted asset should be significant to an inquiry regarding whether to apply the doctrine of judicial estoppel to bar the debtor's claim. Furthermore, under this Court's decision in Porter and the United States bankruptcy court's decision in Griner, a defendant seeking to apply the doctrine must prove prejudice to the defendant. See Porter, 564 So.2d at 437; and Griner, 240 B.R. at 438.
". . . .
 "We conclude that the doctrine of judicial estoppel should not be applied in this case so as to prevent the Jinrights from maintaining their action against Paulk and Option Builders. Although the Jinrights' initial failure in their bankruptcy proceedings to list their claim against Paulk and Option Builders as an asset was inconsistent with the claims they made in their lawsuit against Paulk and Option Builders, nothing before us indicates that the Jinrights will benefit from that omission, nor has there been any showing that Paulk and Option Builders have been prejudiced by the omission."
Jinright, 758 So.2d at 557-60.
Jinright represents a marked change in the law of judicial estoppel in Alabama. No longer will a plaintiff's mere failure to list a potential prepetition cause of action in his or her bankruptcy filings amount to an automatic procedural default as to that claim. Rather, a court evaluating a judicial-estoppel defense must now look to a number of additional factors in concluding whether that defense warrants the entry of a judgment as a matter of law. Among these are (1) the chapter of the Bankruptcy Code under which the plaintiff-debtor has sought bankruptcy protection, (2) whether the plaintiff-debtor has been discharged in bankruptcy, (3) whether the plaintiff-debtor has amended his or her filings in the bankruptcy court to reflect the existence of the omitted cause of action, and (4) whether the defendant has been prejudiced by the omission of the claim in the bankruptcy court.
The record in this case contains, in pertinent part, only Battle's Chapter 7 bankruptcy petition, the attachments to that petition, the motion she filed in the bankruptcy court to gain leave to maintain this action, the bankruptcy-court clerk's notice that that motion was granted, and an order of discharge. As we have noted, in her "Statement of Financial Affairs" (attached to her bankruptcy petition), Battle listed DV-98-691 as an ongoing civil case in which she was participating as a party, and she specifically sought and obtained permission from the bankruptcy court to maintain that action in state court. Although her motion described that action as a "civil [proceeding] involving her insurance company and the claim that she has filed due to [a house] fire" that caused "a loss of clothing, furniture and household items," her motion unquestionably revealed the existence of a potential source of funds with which to pay her creditors. Thus, as in Jinright and Griner, there is no indication that Battle's failure to list case DV-98-691 on her schedule of assets was anything other than an oversight.
More important, however, nowhere in the record has Alpha adduced any evidence indicating that Battle's failure to list her claim against Alpha in her schedule of assets has resulted in anyprejudice to it. Accord, Nollie v. Jim Wilson Assocs., Inc., [Ms. 2990048, Mar. 17, 2000] ___ So.2d ___, ___ *Page 634 
(Ala.Civ.App. 2000) (reversing summary judgment entered against Chapter 7 debtor-plaintiff where, among other things, no prejudice to the defendant was shown to have arisen from failure to disclose claim against the defendant in bankruptcy court); Jones v. Lanthrip,765 So.2d 682, 688 (Ala.Civ.App. 2000) (reversing summary judgment entered against Chapter 13 debtor-plaintiff because of defendants' failure to demonstrate prejudice). Therefore, the trial court erred in entering the summary judgment in favor of Alpha on the basis of judicial estoppel.
 II. Real Party in Interest
Having concluded that the summary judgment cannot be upheld on the basis of judicial estoppel, we must now address whether that judgment may be affirmed on the basis that the trustee in bankruptcy, rather than Battle, was the real party in interest, with exclusive power to maintain a civil action against Alpha. We use the term "real party in interest," rather than "standing," for a reason. Although both the parties and the trial court have blurred the issue[3] by referring to Battle's "standing," the question whether a party has standing to sue is distinct from whether he or she is the real party in interest. While the real-party-in-interest principle directs attention to whether the plaintiff has a significant interest in the particular action he or she has instituted, standing requires that the plaintiff demonstrate an injury to a legally protected right.State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027-28
(Ala. 1999); accord, Sprague v. Sysco Corp., 97 Wn. App. 169,175, 982 P.2d 1202, 1205 (1999), review denied, 140 Wn.2d 1004,999 P.2d 1262 (2000) (table). Here, Battle has standing to sue because Alpha's alleged breach of contract injured her, not the bankruptcy trustee. Sprague 97 Wn. App. at 175,982 P.2d at 1205; Hammes v. Brumley, 659 N.E.2d 1021, 1030 (Ind. 1995).
A number of cases have held that once a proceeding has been initiated under Chapter 7 of the Bankruptcy Code involving a debtor, the trustee in bankruptcy becomes the real party in interest with respect to lawsuits upon causes of action held by the debtor. See, e.g., Bickford v. Ponce de Leon Care Ctr.,918 F. Supp. 377 (M.D.Fla. 1996); Ex parte Moore, [Ms. 1971987, Apr. 21, 2000] ___ So.2d ___ (Ala. 2000) (distinguishing Chapter 13 cases, although using "standing" terminology). However, there are two significant exceptions recognized to that principle of law: if the trustee abandons a cause of action, or if the bankruptcy court authorizes the debtor to maintain it in lieu of the trustee, the real party in interest is the debtor and not the trustee. For example, the United States Court of Appeals for the Fifth Circuit ruled in Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865 (5th Cir. 1971), that a civil action brought by a debtor against a corporation and its president, alleging that the defendants had fraudulently caused the debtor to become bankrupt, could not be maintained by the debtor in its own name. In so ruling, the Fifth Circuit held that the bankruptcy trustee's failure to assert a cause of action was not alone sufficient to authorize a finding of abandonment, but that the debtor could petition the bankruptcy court to authorize it, the debtor, to sue. 441 F.2d at 868;accord, Baker v. Data Dynamics, Inc., 561 F. Supp. 1161, 1165
(W.D.N.C. 1983); People v. Kings Point Corp., 188 Cal.App.3d 544,549, 233 Cal.Rptr. 227, 230 (1986).
In this case, the bankruptcy court specifically authorized Battle to maintain her action against Alpha. Battle sought leave from the bankruptcy court to continue DV-98-691 in the district court, and the bankruptcy court granted her leave to do *Page 635 
so. Once that leave was granted, Battle was the real party in interest with the right to sue Alpha: "the law is clear that the bankruptcy court can order the trustee or can authorize the debtor to pursue any relevant claims." McCon v. Martini, (Ohio Ct. App., 7th Dist., No. 97 CA 152, Nov. 10, 1999) (unpublished) (debtor could maintain her conversion action in state trial court where bankruptcy court in which her Chapter 7 petition was pending had permitted her to proceed). While Alpha insists that Battle's failure to place her action against Alpha on her asset schedule compels a conclusion that the trustee has not abandoned that action as an estate asset, the bankruptcy court's grant of permission to Battle to maintain her action against Alpha was an "equivalent alternative" to abandonment for purposes of her ability to proceed in the district court (and, later, the circuit court). Taylor v. Swirnow, 80 F.R.D. 79, 82 (D.Md. 1978). Therefore, we conclude that the trial court erred in concluding that Battle had no "standing" to pursue her action against Alpha.
Based upon the foregoing facts and authorities, we reverse the summary judgment in favor of Alpha, and we remand the cause for further proceedings.
REVERSED AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] To the extent that that letter attempted to assert a counterclaim on behalf of Alpha, it was a nullity because it was not filed by a licensed attorney. See Ex parte Ghafary,738 So.2d 778, 779-81 (Ala. 1998) (holding that a complaint filed on behalf of a decedent's estate, seeking damages for wrongful death, was a nullity).
[2] Gargis was overruled on other grounds by Bleier v.Wellington Sears Co., 757 So.2d 1163 (Ala. 2000).
[3] We note that this court has, on occasion, similarly blurred this issue. E.g., Cooks v. Jim Walter Homes, 695 So.2d 19
(Ala.Civ.App. 1996) (using "standing" terminology), which was overruled by Ex parte Moore, [Ms. 1971987, Apr. 21, 2000] ___ So.2d ___ (Ala. 2000), as it applied to Chapter 13 debtors.