PITTMAN, Judge.
This appeal concerns the propriety of a judgment denying relief under Rule 60(b), Ala. R. Civ. P., from certain provisions of a divorce judgment pertaining to issue of the marriage.
In July 2001, T.S.H. (“the wife”) filed a complaint in the Jefferson Circuit Court seeking a judgment of divorce against W.H. (“the husband”) on the grounds of an irretrievable breakdown of the marriage and incompatibility. In her complaint, the wife alleged, among other things, that “[n]o children were born during the marriage of the parties”; she also filed a Form CS-47 “Child Support Information Sheet” bearing a checked box indicating that there were “[n]o minor children) ... subject to this action” and an affidavit in which she testified that “[n]o children were born to me during my marriage to [the husband].” The trial court entered a one-page final judgment divorcing the parties in September 2001.
In February 2005, the State of Alabama, styling itself as petitioner, filed in the trial court a “Petition to Amend and Extend Pursuant to Rule 60(b)(6) of [the Alabama Rules of Civil Procedure].” In that petition, the State alleged that a minor child, D.K.H. (“the child”), had been “born ... to the parties during the marriage”; that the wife had received support services from Alabama’s Department of Human Resources (“DHR”) pursuant to Title IV-D of the Social Security Act (42 U.S.C. § 651 et seq.); and that there had been a change in circumstances since the entry of the July 2001 divorce judgment in that the wife allegedly was now in need of support from the husband for the child. The State requested, among other things, that the trial court “amend and extend” the divorce judgment so as to award the wife a “reasonable amount” of child support; to award retroactive child support pursuant to § 30-3-110 et seq., Ala.Code 1975; and to direct the husband to pay support through the State’s child-support-collection agent.
After denying a motion to enter a default judgment against the husband, who had failed to appear, the trial court entered an order that provided, in pertinent part:
“This matter came on to be heard on the state’s Motion to Intervene and other pleadings as noted in the file. The *211 Court, having reviewed the file does hereby issue the following Order based on that review. It is therefore,
“Ordered and adjudged by the Court as follows:
“That the petition herein is denied.
“The Court finds that the [wife] by sworn affidavit in the original divorce case herein specifically denied that there were any children born of the marriage, that she was not pregnant and no children were adopted during [her] marriage to the [husband].
“This Court will not permit the [wife] to now come before it and seek to set aside that sworn testimony.
“If in fact she desires to pursue [the husband] as the father, she may do so in another Court but not this one.”
The trial court subsequently denied the State’s motion to alter, amend, or vacate the order, and the State now appeals.[1]
‘“The decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial judge. The only issue we consider on an appeal from the denial of a Rule 60(b) motion is whether, by denying the motion, the trial court abused its discretion. Therefore, an appeal from the denial of a Rule 60(b)(6) motion “does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken.”
“ ‘Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only “in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief.” The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made.’ ”
Ex parte Phillips, 900 So.2d 412, 418-19 (Ala.2004) (quoting Wood v. Wade, 853 So.2d 909, 912-13 (Ala.2002)) (citations omitted).
Did the trial court act outside the limits of its discretion in denying the State’s motion? To answer that question, we accept the applicability of, but must look beyond, the general principles asserted in the State’s brief: that the husband is presumed to be the father of a child born during his marriage to the mother, that a parent’s duty to provide support and a child’s entitlement to support are fundamental, that a child should not be bastardized upon technicalities, and that circuit courts have the power to modify child-support judgments. The pertinent substantive question presented in this case is whether the trial court properly concluded, as it did, that it should not grant relief under Rule 60(b)(6) to a party asserting a position that is contrary to a previously asserted position, ie., that the husband and the wife did not have any children.
In seeking a divorce from the husband, the wife, proceeding through counsel, filed a complaint in the trial court that stated that “[n]o children were born during the marriage of the parties.” The wife’s affidavit, given under oath and filed in support of her complaint, explicitly states that the facts she set forth therein' — including that “[n]o children were born to [her] during [her] marriage to the [husband]”— were “true and correct[ ] according to the best of her knowledge, information and belief.” The wife’s complaint was not opposed by the husband, and the trial court, acting on the allegations of the wife in her *212 complaint and the statements in her affidavit, entered a judgment that did not address custody of or support for any children of the marriage. The State’s motion, in contrast, asserted a wholly contradictory position on the wife’s behalf: that the child was actually a child of the parties’ marriage as to which support should have been awarded at the time of the parties’ divorce.
Although the trial court did not, in so many words, invoke any particular legal doctrine in reaching its conclusions, we conclude that the trial court’s denial of relief is supported by the doctrine of judicial estoppel. As noted in Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844, 846 (Ala.1992), judicial estoppel “ ‘applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted,’ ” and “ ‘looks to the connection between the litigant and the judicial system.’ ” Id. (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir.1988)). Although “ ‘ “[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle,” ’ ” Ex parte First Alabama Bank, 883 So.2d 1236, 1244 (Ala.2003) (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)), several factors are said to govern the applicability of the doctrine of judicial estoppel:
“ ‘(1) a party’s later position must be “clearly inconsistent” with its earlier position’; (2) the party must have been successful in the prior proceeding so that ‘judicial acceptance of an inconsistent position in a later proceeding would create “the perception that either the first or second court was misled” ’; and (3) the party seeking to assert an inconsistent position must ‘derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.’ ”
Id. at 1244-45 (citations omitted). In this case, the trial court could properly have determined that the wife’s assertion that no children were born to her during the marriage was clearly inconsistent with the later assertion that the child was born to her and to the husband during the marriage; that the trial court had entered a divorce judgment that contained no custody or support provisions in reliance upon the wife’s representations; and that to allow the wife to now contradict her original complaint and her previous sworn affidavit testimony several years after a judgment had been entered would unfairly work to her advantage and the husband’s detriment.
Moreover, the primary authorities cited by the State do not compel reversal. In Bishop v. Robinson, 516 So.2d 723 (Ala.Civ.App.1987), we affirmed a judgment entered in a paternity proceeding brought by a former husband after a divorce judgment had been entered on pleadings in which the question whether there had been any children of the marriage had not been settled, i.e., the former husband had denied the pertinent allegation of the wife’s divorce complaint. The alleged child of the divorced husband and wife in Tatum v. Kelley, 481 So.2d 1132 (Ala.1985), was held to be entitled to litigate the question of her paternity in an inheritance setting because the child had not been a party to the divorce proceeding and had not been in privity with either party thereto; here, the wife has been a party since the action was filed. Finally, we can read our affirmance in Coburn v. Coburn, 474 So.2d 728 (Ala.Civ.App.1985), only as authorizing, not compelling, a trial court under certain circumstances to exercise its discretion under Rule 60(b)(6) to reopen a judgment of divorce so as to reconsider the paternity of a *213 child allegedly born to the parties during their marriage.
Based upon the procedural setting and the facts of this case, we are compelled to conclude that the trial court did not act outside its discretion in denying the Rule 60(b) motion. For that reason, the order from which the State has appealed is due to be affirmed. We emphasize, however, that our affirmance does not, and is not intended to, forever preclude all consideration of the paternity of the child at issue in this case. As we stated in State ex rel. T.L.K. v. T.K., 723 So.2d 69, 71 (Ala.Civ.App.1998), “the State’s ability to seek to recoup the public assistance benefits paid for the benefit of a child whose paternity has not been determined is derivative of the rights of the mother and the child” (emphasis added). There is no indication that the child was made a party to the divorce proceeding at issue, nor that a guardian ad litem was appointed to represent any children of the parties; thus, under current Alabama law, the child would be free to assert a separate paternity claim against the husband notwithstanding the trial court’s order in this case. See Harris v. Mitchell, 958 So.2d 884 (Ala.Civ.App.2006). Additionally, under § 30-3-110 et seq. and § 38-10-1 et seq., Ala. Code 1975, DHR may have standing to bring an action in its own name to obtain a judgment for retroactive support.
AFFIRMED.
THOMPSON, P.J., and THOMAS, J., concur.
BRYAN and MOORE, JJ., concur in the result, without writing.

. The denial of relief under Rule 60(b) is appealable. See Ex parte King, 821 So.2d 205, 209 (Ala.2001).